**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————
                                              :
ANDRE P. JOSEPH,                              :
                                              :         Civil Action
                 Petitioner,                  :         No. 06-3784 (JLL)
                                              :
        v.                                    :         **O P I N I O N**
                                              :
MICHAEL CHERTOFF, et al.,                     :
                                              :
                 Respondents.                 :
—————————————————————:


**APPEARANCES:**

> ANDRE P. JOSEPH
> # 174194, Petitioner pro se
> Hudson County Correctional Center
> Kearny, New Jersey 07032


**JOSE L. LINARES, District Judge**

On August 10, 2006, Petitioner ANDRE P. JOSEPH (hereinafter "Petitioner"), a native and citizen of Haiti currently detained at the Hudson County Correctional Center in New Jersey, filed the instant Petition for a Writ of Habeas Corpus (hereinafter "Petition") under 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (hereinafter "DHS").[1]

---

[1]    The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security.  See 6 U.S.C. § 271(a).  The Act transferred the functions of the Commissioner of the Immigration and

Prior to the instant filing, Petitioner filed an identical petition with this Court on February 3, 2006.  See Joseph v. Chertoff, 2:06-cv-00520-WJM (N.J.D. June 20, 2006) (Docket Entry No. 1) (hereinafter "First Petition"). Petitioner is an aggravated felon under a final order of removal.  See First Pet. at 4.  In the First Petition, as in the instant one, Plaintiff asserted that he was held in custody in violation of 8 U.S.C. § 1231(a)(6), as clarified in Zadvydas v. Davis, 533 U.S. 678 (2001), and in violation of his Due Process Clause of the Fifth Amendment, see id. at 7-8, because (1) Petitioner's removal to Haiti was not significantly likely to occur in the reasonably foreseeable future, (2) he had cooperated fully with ICE's efforts to remove him from the United States.  See First Pet. at 5-6, 8; accord Pet. §§ 2-3.

Respondents filed an answer (hereinafter "Answer") to Petitioner's First Petition, asserting that, since Petitioner was detained in the custody of the Bergen County Sheriff from the time when Petitioner's order of removal became final until December 28, 2005, as a result of a pending narcotics charge, Petitioner's First Petition should be denied as "premature [in view of the fact that P]etitioner had not been in custody beyond the presumptively reasonable period of time."  Ans. at 1.

_____

Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS.  See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

On June 20, 2006, having thoroughly examined the papers and considered the arguments of the parties, the Honorable William J. Martini, U.S.D.J. issued an order and accompanying opinion dismissing Petitioner's First Petition.  See Joseph, 2:06-cv-00520-WJM (hereinafter "Joseph"), Docket Entries No. 7, 8. The Joseph Court explained as follows:

> Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. . . . The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to BIA was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement.  See 8 U.S.C. § 1231(a)(1)(B). . . . Since Petitioner (1) was released from confinement ensuing from the underlying offense prior to the entry of the BIA order, see [First] Pet. at 2, and (2) did not seek judicial review of his removal order, see id. at 4, Petitioner's "initial" 90-day removal period of mandatory detention began on May 2, 2005. See 8 U.S.C. § 1231(a)(1)(B). This initial period of mandatory detention was tolled during the entire period when Petitioner failed to cooperate with the government efforts to remove him, see 8 U.S.C. § 1231(a)(1)(C), that is, from "May 6, 2005, [the date when] Petitioner was asked to complete documentation necessary for the government to seek travel documents from Haiti, . . . until August 10, 2005," the date when Petitioner executed such documents, see Ans. at 2 (citing Shaughnessy Dec. ¶9), since the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."   8 U.S.C. § 1231(a)(1)(C); see Pelich v. INS, 329 F.3d 1057 (9th Cir. 2003)("Zadvydas does not save an alien who

fails to provide requested documentation to effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock"); Qing Di Wang v. Carbone, 2005 U.S. Dist. LEXIS 24499 (D.N.J. Oct. 17, 2005) (holding that alien who refused to cooperate can be held in excess of 90-day period); Riley v. Greene, 149 F. Supp. 2d 1256, 1262 (D. Colo. 2001) (same); Sango-Dema v. District Director, 122 F. Supp. 2d 213, 221 (D. Mass. 2000) (same).  Hence, Petitioner's 90-day period of mandatory detention expired on or about November 6, 2005, see 8 U.S.C. § 1231(a)(1)(C), and--absent any events operating as tolling or intervening circumstances-- Petitioner's 6-month "presumptively reasonable" period of detention would have expired on or about February 4, 2006.  See Zadvydas, 533 U.S. at 700-01.  However, on November 17, 2005, Petitioner was released from the DHS/ICE custody into the custody of the Bergen County Sheriff on narcotics charges and remained in that custody until December 28, 2005.  See Ans. at 8.  These events started Petitioner's 90-day removal period of mandatory detention (and Petitioner's Zadvydas "presumptively reasonable period") anew on December 28, 2005.  See 8 U.S.C. § 1231(a)(1)(B)(iii). [See] Michel v. INS, 119 F. Supp. 2d 485, 498 (M.D. Pa. 2000) (emphasis in original); accord Morena v. Gonzales, 2005 U.S. Dist. LEXIS 37989, at *18 (M.D. Pa. Oct. 4, 2005); Atkinson v. INS, 2002 U.S. Dist. LEXIS 11335, at *5 (E.D. Pa. June 25, 2002); Marcelus v. INS, 2002 U.S. Dist. LEXIS 795, at *6 (E.D. Pa. Jan. 16, 2002); Dunbar v. Holmes, 2000 U.S. Dist. LEXIS 17048, at *6-7 (E.D. Pa. Nov. 28, 2000).

Id. at 4-9 (emphasis in original).

Since the Joseph Court determined that Petitioner's Zadvydas period started to run on December 28, 2005, and was to expire on June 28, 2006, the Joseph Court dismissed Petitioner's First Petition.  See Joseph, Docket Entry No. 7 at 9.  The Joseph Court, however, reminded Petitioner that Petitioner was free to file another § 2241 petition should, after expiration of his Zadvydas "presumptive period," Petitioner develop good evidence-based reason

to believe that his removal is no longer reasonably foreseeable.
See id. at 10.

**CONCLUSION**

Since it appears to this Court that Petitioner duly followed
this Court's guidance provided in Joseph, this Court directs
Respondents to show cause as to why a writ should not be granted to
Petitioner with respect to Petitioner's instant Petition.   An
appropriate Order accompanies this Opinion.


                                  /s/ Jose L. Linares

DATED: September 5, 2006          UNITED STATES DISTRICT JUDGE